Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPT**
**SOUTHERN DISTRICT OF WES**

**AT CHARLESTON**

| IN RE: | CASE NO. 2:15-bk-20618 |
|---|---|
| ACADEMY ANIMAL HOSPITAL, INC., | CHAPTER 11 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER**

Pending is the motion to dismiss filed by the United States Trustee [Dckt. 78] ("Motion to Dismiss"). The Court **GRANTS** the Motion to Dismiss.

**I.**

The Debtor, Academy Animal Hospital, Inc. ("Academy"), petitioned for relief under Chapter 11 of the Bankruptcy Code on December 1, 2015. Academy operates a veterinary clinic in Saint Albans. This is a small business case under 11 U.S.C. §§101(51D) and 101(51C).

To reduce the delay and cost of the Chapter 11 device, Congress established carve-outs for small business debtors. Thomas E. Carlson & Jennifer Frasier Hayes, *The Small Business Provisions of the 2005 Bankruptcy Amendments*, 79 Am. Bankr. L.J. 645, 648 (2005). Those mechanisms are meant to "provide an expedited, supervised procedure in which the rights of all parties in interest are protected throughout the reorganization process." *In re Burgos*, 510 B.R. 460, 462 (Bankr. D.P.R. May 12, 2014); *In re Sanchez*, 429 B.R. 393, 397 (Bankr. D.P.R. May 3, 2010). One benefit of filing as a small business debtor is an extended exclusivity period for filing a plan. The small business debtor -- and that debtor alone -- enjoys an absolute period of 180 days

after the date of the order for relief within which to file a plan, as opposed to the 120-day period provided to non-small business debtors. *Compare* 11 U.S.C. § 1121(e), *with* 11 U.S.C. § 1121(b).

That and other benefits, however, come at a price. There are attendant burdens borne by small business debtors, the United States Trustee, and the court alike to ensure streamlined and effective management. *See In re Sanchez*, 429 B.R. at 398. For example, the 180-day exclusivity period "may be extended only if" the three requirements of 11 U.S.C. § 1121(e) are satisfied. Included among those requirements is that "the order extending time is signed *before* the existing deadline has expired." 11 U.S.C. § 1121(e)(3)(C) (emphasis added).

## II.

As noted, "In a small business case . . . the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief . . . ." 11 U.S.C. § 1121(e)(2). "The words 'order for relief' refer to the commencement of a voluntary petition for bankruptcy." *In re Martinson*, 731 F.2d 543, 544 n.3 (8th Cir. 1984).

Academy filed its Chapter 11 petition on December 1, 2015, giving it through May 29, 2016 -- the 300th day after December 1, 2015 -- to file its plan of reorganization. That 300-day time period "may be extended *only if*—

(A) the debtor, after providing notice to parties in interest (including the United States Trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;

(B) a new deadline is imposed at the time the extension is granted; and

(C) the order extending time is *signed before the existing deadline has expired*."

11 U.S.C. § 1121(e)(3) (emphasis added). The Court has received no such plan nor any further motion seeking an extension of the September 25, 2016, extended deadline permitted by the Court

2

on September 25, 2016. Consequently, no further extension order has been signed prior to expiration of the extended 180-day deadline.

Congress could not have been clearer. That clarity has unsurprisingly resulted in many courts simply applying the statute as written. *See, e.g.*, I*n re Caring Heart Home Health Corp., Inc.*, 380 B.R. 908, 910-11 (Bankr. S.D. Fla. 2008) ("[T]he language of the third requirement in section 1121(e)(3) is abundantly clear and must be read as 'conclusive'—if no signed order exists prior to the expiration of the . . . deadline, then no extension can be granted."); *see also In re Castle Horizon Real Estate*, LLC, No. 09–05992–8–JRL, 2010 WL 3636160, at *2 (Bankr. E.D.N.C. Sept. 10, 2010) ("if no party files a plan within 300 days, then no relief is available"); *In re Burgos*, 510 B.R. 460, 462 (Bankr. D.P.R. 2014) ("The statutorily prescribed term is effectively a 'drop dead' period that is calculated from the date of order for relief."); *In re Sanchez*, 429 B.R. 393, 400 (Bankr. D.P.R. 2010) (stating that failure to file a plan within the section 1121(e)(2) deadline is cause for dismissal); *In re Sutherland*, No. 10–17768–MER, 2011 WL 2078529, at *1–2 (Bankr. D. Colo. 2011) (stating that failure to file a plan within the 300–day deadline is grounds for dismissal); *In re Randi's, Inc.*, 474 B.R. 783, 786 (Bankr. S.D. Ga. 2012) ("cause exists to dismiss or convert the case for the failure of any party to file a plan within the 300–day period or to timely obtain an extension"). As one judicial officer put it, "Congress could have delineated tolling events for that 300-day period. However, the fact that no such language was included allows this Court to conclude none were intended." *In re Burgos*, 510 B.R. at 462.

### III.

Based upon the foregoing discussion, it is, accordingly, **ORDERED** that the United States Trustee's Motion to Dismiss be, and hereby is, **GRANTED**.

3

The Clerk shall transmit a copy of this written opinion and order to the parties and their counsel, if any, and the United States Trustee.